UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. COMMODITY FUTURES
TRADING COMMISSION,

       Plaintiff,

v.                                                                                          CASE NO. 3:15-cv-5-J-34MCR

ALLIED MARKETS LLC, JOSHUA
GILLILAND, and CHAWALIT
WONGKHIAO,

       Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment, Permanent Injunction, Civil Monetary Penalty, and Equitable Relief Against Defendant Allied Markets LLC ("Motion") (Doc. 52).  For the reasons stated herein, the Motion is due to be **DENIED without prejudice**.

### I.   Background

Plaintiff initiated this action for injunctive relief, civil monetary penalty, and other equitable relief against Allied Markets LLC, Joshua Gilliland, and Chawalit Wongkhiao on January 12, 2015.  The five-count Complaint alleges fraud by misrepresentation, omission, and misappropriation in violation of 7 U.S.C. § 6b(a)(2)(A), (C) and 17 C.F.R. § 5.2(b); fraud by a commodity pool operator in violation of  7 U.S.C. § 6o(1) and 17 C.F.R. § 4.41(a); failure to register as a commodity pool operator in violation of  7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6m(1)

and 17 C.F.R. § 5.3(a)(2)(i); failure to register as associated persons in violation of 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6k(2) and 17 C.F.R. §§ 3.12 and 5.3(a)(2)(ii); and failure to operate commodity pool as a separate legal entity, improper acceptance of funds, and commingling of pool funds in violation of 17 C.F.R. § 4.20(a)-(c).  (Doc. 3.)

The Complaint alleges that as early as January 2012, Joshua Gilliland and Chawalit Wongkhiao, individually and as principals of Allied Markets LLC, engaged in a fraudulent scheme to solicit more than $1 million from members of the public to participate in a supposed commodity pool purportedly trading leveraged or margined retail off-exchange foreign currency contracts, commonly known as "forex."  (*Id.* at 1.)  As part of the scheme, Defendants allegedly misappropriated pool participants' funds to pay the individual Defendants' personal expenses.  (*Id.* at 1-2.)  Defendants allegedly misrepresented their trading expertise and profits, and failed to disclose that only a small portion of the funds would be used to trade forex.  (*Id.* at 2.)  Defendants, who have never been registered as required with the United States Commodity Futures Trading Commission ("CFTC"), allegedly lured their victims into sending funds by fraudulently guaranteeing specific trading returns and by representing that their forex trading was generating large profits.  (*Id.*)

Defendants, through counsel, answered the Complaint on January 22 and 23, 2015.  (Docs. 19-21.)  However, on June 3, 2015, the Court allowed

Defendants' counsel to withdraw from the case. (Doc. 44.) As of the date of that Order, the two individual Defendants were deemed to proceed *pro se*. On July 21, 2015, the Court entered an Order striking Allied Markets LLC's Answer and directing the Clerk of Court to enter a default against it for its failure to obtain counsel as directed by previous Court Orders and failure to show cause why sanctions should not be imposed therefor. (Doc. 50.) On July 22, 2015, the Clerk entered a default against Allied Markets LLC. (Doc. 51.)

On September 14, 2015, Plaintiff filed the present Motion seeking a final default judgment, a permanent injunction, restitution, and a civil monetary penalty against Allied Markets LLC. (Doc. 52.) The same day, the Motion was served on Defendants via electronic mail and US mail. (*Id.* at 23.) To date, Defendants have not filed a response to the Motion. On October 2, 2015, Plaintiff filed a Motion for Summary Judgment against Defendants Joshua Gilliland and Chawalit Wongkhiao. (Doc. 53.)

## II.   Discussion

A review of the docket demonstrates that although a default has been entered against Allied Markets LLC, Plaintiff's claims against Joshua Gilliland and Chawalit Wongkhiao are still pending before the Court. Plaintiff's Motion for Summary Judgment against the two individual Defendants was filed on October 2, 2015. Because Plaintiff's claims against the individual Defendants are still pending, the Court is precluded from entering a default judgment against Allied

Markets LLC at this stage of the proceedings in light of the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

> Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

Fed.R.Civ.P. 54(b) (emphasis added).

In determining whether to certify a judgment under Rule 54(b), a district court must engage in a two-step analysis. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). "A district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Only then may the court proceed to the second step "to determine whether there is any just reason for delay." *Id.* at 8. The determination of whether there is no "just reason for delay" is left to the discretion of the district court. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777-78 (11th Cir. 2007); In re *Se. Banking Corp.*, 69 F.3d 1539, 1550 (11th Cir. 1995). In deciding whether there is no "just reason for delay," the Court should consider "the historic federal policy against piecemeal appeals" and "the equities involved." *Lloyd Noland*, 483 F.3d at 778 (internal quotation marks omitted).

Assuming Plaintiff has satisfied the first step of the two-part inquiry by seeking a final default judgment against Allied Markets LLC, Plaintiff has not shown there is no just reason for delay.  In fact, Plaintiff has not even addressed this issue.  Pursuant to *Frow*, the Court is prohibited from entering a default judgment against less than all Defendants until the case is adjudicated as to the remaining Defendants.  See *Frow*, 82 U.S. at 554.  Because "*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications," *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) (per curiam), and it appears there is such a risk in this case,[1] the Motion is due to be denied without prejudice to refiling at a later time.[2]

Accordingly, it is **ORDERED**:

The Motion (**Doc. 52**) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2015.

                                MONTE C. RICHARDSON
                                UNITED STATES MAGISTRATE JUDGE

---

[1] There is a significant overlap in Plaintiff's allegations against Defendants given that Joshua Gilliland and Chawalit Wongkhiao allegedly engaged in the fraudulent scheme both individually and as principals/agents of Allied Markets LLC.

[2] In light of this conclusion, the Court does not address the merits of the Motion.

Copies to:

Counsel of Record

Allied Markets, LLC
Care of: Joshua Gilliland
1311 Bailey Ave
Chattanooga, TN 37404
joshua1776@gmail.com

Joshua Gilliland
1311 Bailey Ave
Chattanooga, TN 37404
joshua1776@gmail.com

Chawalit Wongkhiao
9241 Arbolita Way
Jacksonville, FL 32256
benjamin339024@gmail.com
ajhraha@gmail.com

Chawalit Wongkhiao
c/o Nassau County Jail
76212 Nicholas Cutinna Road
Yulee, FL 32097